UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TECH CENTER, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:21-cv-59 |
| | ) |
| JOHNSON CONTROLS, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff Tech Center, LLC, for its Complaint for Damages against Defendant Johnson Controls Inc, states as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff Tech Center, LLC ("Tech Center") is an Indiana limited liability company with its principal place of business in Indiana.

2. Tech Center's members are:

    a. Lohn Weber, an individual, who resides in and is a citizen of Kansas;

    b. Al Cinelli, who resides in and is a citizen of Kansas; and

    c. John Cinelli, who resides in and is a citizen of Indiana.

3. Tech Center is a citizen of Indiana and Kansas.

4. Defendant Johnson Controls Inc ("Johnson Controls") is a Wisconsin corporation with its principal place of business in Wisconsin. Johnson Controls is a citizen of Wisconsin.

5. Plaintiff's damages exceed $75,000.

6. The Court has jurisdiction of this matter under 28 U.S.C. § 1332 because the parties are citizens of different states and because the amount in controversy exceeds $75,000.

7. Under 28 U.S.C. § 1391, venue is proper in this judicial district because a substantial part of the events or omissions giving rise to Tech Center's claim against Johnson Controls occurred in it.

## Factual Background

8. Johnson Controls sells HVAC equipment.

9. In 2019, Tech Centers was in communication with Johnson Controls regarding Tech Centers' need for HVAC equipment at a facility it operated in Evansville, Indiana (the "Facility").

10. Tech Centers communicated to Johnson Controls the nature of Tech Centers' operation at the Facility. Further, Tech Centers communicated to Johnson Controls that Tech Centers required that Johnson Controls, considering the nature of Tech Centers' operations at the Facility, advise Tech Centers on what Johnson Controls HVAC equipment would suit Tech Centers' operations at the Facility.

11. Johnson Controls advised Tech Centers that the Facility required 12 Johnson Controls HVAC units, including a 20-ton gas unit with heat, a 25-ton rooftop cooling unit, 2 30-ton rooftop cooling units, 8 20-ton rooftop heating units and 12 curb adapters (the "Equipment").

12. Moreover, Johnson Controls advised Tech Centers that Johnson Controls would warrant the merchantability of the Equipment, the suitability of the

Equipment for Tech Centers' operations at the Facility and, for a year, the services provided by Johnson Controls on the Equipment.

13. In reliance Johnson Control's recommendation regarding the Equipment and promised warranties, Tech Centers paid Johnson Controls $250,297 for the Equipment.

14. Thereafter, Johnson Controls furnished the Equipment to Tech Centers and installed it at the Facility.

15. Subsequently, Tech Centers discerned that the Equipment was defective and was not suited to Tech Centers' operations at the Facility.

16. In accordance with Johnson Control's warranty of the Equipment, Tech Centers has submitted multiple claims to Johnson Controls to remedy the defective and malfunctional nature of the Equipment.

17. Johnson Controls has failed and refused to remedy the defective and malfunctional state of the Equipment.

### Count I – Breach of Contract

18. Tech Centers incorporates its allegations above.

19. Tech Centers and Johnson Controls entered a contract, pursuant to which Johnson Controls agreed to sell the Equipment to Tech Centers for $250,297 (the "Contract").

20. The Contract is excepted from the Statute of Frauds because it did not provide that it was not to be performed within one year and because it could have been performed within one year.

21. Tech Centers performed as required of it under the Contract.

22. Johnson Controls breached the Contract by providing defective Equipment and/or by providing equipment that was not suitable for Tech Centers' operations at the Facility.

23. Tech Centers has been damaged by Johnson Controls' breach of the Contract in the amount of at least $250,297.

### Count II – Breach of Warranty of Merchantability

24. Tech Centers incorporates its allegations above.

25. Under the Contract, Johnson Controls warranted to Tech Centers that the Equipment would be merchantable and non-defective.

26. Johnson Controls furnished the Equipment to Tech Centers in a defective, non-merchantable condition.

27. Therefore, Johnson Controls breached the warranty it provided on the Equipment.

28. Tech Centers has been damaged by Johnson Controls' breach of warranty in the amount of at least $250,297.

### Count III – Breach of Warranty of Fitness for a Particular Purpose

29. Tech Centers incorporates its allegations above.

30. Under the Contract, Johnson Controls warranted to Tech Centers that the Equipment would be suitable for Tech Centers' operations at the Facility.

31. The Equipment is not suitable for Tech Centers' operations at the Facility.

32. Therefore, Johnson Controls breached the warranty it provided on the Equipment.

33. Tech Centers has been damaged by Johnson Controls' breach of warranty in the amount of at least $250,297.

### Count IV – Breach of Warranty to Service Equipment

34. Tech Centers incorporates its allegations above.

35. Under the Contract, Johnson Controls warranted to Tech Centers that it would provide services on the Equipment to ensure the Equipment's good, working condition and to ensure it was suited for Tech Center's operations at the Facility.

36. Johnson Controls has not provided services on the Equipment to ensure the Equipment's good, working condition and to ensure it was suited for Tech Center's operations at the Facility.

37. Therefore, Johnson Controls breached the warranty it provided on the Equipment.

38. Tech Centers has been damaged by Johnson Controls' breach of warranty in the amount of at least $250,297.

### Count V – Breach of Implied Warranty of Merchantability

39. Tech Centers incorporates its allegations above.

40. To the extent the parties did not enter an express contract regarding the Equipment, Johnson Controls impliedly warranted to Tech Centers that the Equipment was merchantable.

41. The Equipment is not merchantable.

42. Therefore, Johnson Controls breached the implied warranty of merchantability on the Equipment.

43. Tech Centers has been damaged by Johnson Controls' breach of implied warranty in the amount of at least $250,297.

### Count VI – Breach of Implied Warranty of Fitness for a Particular Purpose

44. Tech Centers incorporates its allegations above.

45. Johnson Controls knew of the particular purposes for which Tech Centers required the Equipment, namely Tech Centers' operations at the Facility.

46. To the extent the parties did not enter an express contract regarding the Equipment, Johnson Controls impliedly warranted to Tech Centers that the Equipment was fit for the particular purposes for which Tech Centers required the Equipment, namely Tech Centers' operations at the Facility.

47. The Equipment is not fit for the Tech Centers' operations at the Facility.

48. Therefore, Johnson Controls breached the implied warranty of fitness for a particular purpose on the Equipment.

49. Tech Centers has been damaged by Johnson Controls' breach of implied warranty in the amount of at least $250,297.

### Count VII – Unjust Enrichment

50. Tech Centers incorporates its allegations above.

51. Tech Centers paid $250,297 to Johnson Controls with the expectation that Johnson Controls would furnish to Tech Centers equipment suitable for its operations at the Facility.

6

52. Johnson Controls knew Tech Centers paid $250,297 with the expectation that Johnson Controls would furnish to Tech Centers equipment suitable for its operations at the Facility.

53. The Equipment that Johnson Controls furnished to Tech Centers is not suitable for its operations at the Facility.

54. To the extent the parties did not enter an express contract regarding the Equipment, Johnson Controls has been unjustly enriched at Tech Centers' expense, and Johnson Control's retention of the $250,297 without making restitution to Tech Centers would be unjust.

### Count VIII – Implied Contract

55. Tech Centers incorporates its allegations above.

56. Johnson Controls represented to Tech Centers that if Tech Centers paid Johnson Controls $250,297, Johnson Controls would furnish good, working equipment to suit Tech Centers' operations at the Facility.

57. Tech Centers paid $250,297 on the expectation that Johnson Controls would furnish equipment of the type promised to Tech Centers.

58. To the extent the parties did not enter an express contract regarding the Equipment, the dealings among them, including Johnson Controls representations and Tech Centers $250,297 payment, gave rise to an implied contract, pursuant to which Johnson Controls was obligated to furnish to Tech Centers good, working equipment to suit Tech Centers' operations at the Facility.

59. The Equipment that Johnson Controls furnished to Tech Centers was defective and was not suitable for Tech Centers' operations at the Facility.

60. Therefore, Johnson Controls breached the implied contract that arose among between it and Tech Centers.

61. Tech Centers has been damaged by Johnson Controls' breach of the implied contract in the amount of at least $250,297.

Wherefore, Plaintiff Tech Centers, LLC prays for judgment in its favor and against Defendant Johnson Controls Inc, for a trial by jury, for compensatory damages and costs of this action and for all other appropriate relief.

Respectfully submitted,

*/s/ Ian P. Goodman*
Jonathan A. Bont, Attorney No. 28476-49
Ian P. Goodman, Attorney No. 30645-59
Paganelli Law Group
10401 N. Meridian St., Suite 450
Indianapolis, IN 46290
Phone:      317.550.1855
Fax:         317.569.6016
E-Mail:     jon@paganelligroup.com
              ian@paganelligroup.com

*Counsel for Plaintiff Tech Center, LLC*